Marlene A. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

534

Argued September 12, 1980, before Judges MEN-CER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*John R. Rellick,* for petitioner.

*Jason Manne,* Assistant Attorney General, with him *Edward P. Carey,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 17, 1981:

Marlene Miller appeals from an order of the Department of Public Welfare (Department) amending

the amount of a personal expense deduction previously ordered by a hearing officer in determining her eligibility for assistance under the Aid to Families with Dependent Children (AFDC).

Petitioner is a welfare recipient and is also employed as a cashier at D & R Value King Store in Erie, Pennsylvania. Petitioner received notice on April 2, 1979 from the Erie County Board of Assistance (Board) that, effective April 23, 1979, her assistance grant was being reduced based on income from her employment. Petitioner requested a hearing to challenge the revised computation of her AFDC grant. The hearing officer determined that the Board erred in the computation of petitioner's adjusted net earnings by not allowing the correct deduction for the operating expenses of an automobile which she used in transportation to and from work. Petitioner was held to be eligible for a larger work expense deduction, and the Board was directed to increase the amount of petitioner's grant based on a $62.25 per month deduction.

On July 26, 1979, however, the Department's Hearing and Appeals Unit amended the order of the hearing officer and determined that the officer erred in considering the cost of petitioner's automobile insurance as a component of her personal expense deduction and authorized a deduction of $46.77 per month. After rejecting petitioner's request for reconsideration as untimely, the Department issued its final order, affirming the amended order of the Hearing and Appeals Unit, and this appeal followed.

Petitioner travels 30 miles to and from work in a 1978 Delta Oldsmobile titled in her mother's name. Petitioner's father, now deceased, intended for petitioner to have the car but the decision was made to have title remain in her mother's name because of

costs associated with transfer of title. The hearing officer found that petitioner herself makes the monthly payments on the car of $149.82, but only authorized a $30.00 deduction, the maximum allowance pursuant to Section 183.44(f)(1)(i) of the Public Assistance Eligibility Manual (PAEM).[1] The hearing officer further found that petitioner made automobile insurance payments of approximately $25.92 per month for comprehensive coverage; her gasoline expenses were approximately $26.85 per month and inspection and repair expenses averaged $5.29 monthly. These figures were included as components in a formula set forth in the regulations, PAEM §183.44(f)(1)(i), to arrive at the $62.25 figure allowed as a personal expense deduction by the hearing officer.

It is petitioner's contention that the Department's amended order and its refusal to consider the cost of automobile insurance as a component in her personal expense deduction contravenes not only federal law and policy, but also state law and policy. We agree.

Section 402(a)(7) of the Federal Social Security Act, 42 U.S.C. §602(a)(7), provides that state agencies, in administering the AFDC program, must take into consideration "any expenses reasonably attributable to the earning of" income; such expenses are to be deducted from an applicant's income in determining eligibility for assistance. The state law[2] refers to the federal law and contains identical language.

In the case of *Shea v. Vialpando*, 416 U.S. 251 (1974) the United States Supreme Court interpreted the language of §402(a)(7) to mean that "no limitation, apart from reasonableness may be placed upon

---

[1] 55 Pa. Code §183.44(f)(1)(i).

[2] Section 432.12 of the Act of June 13, 1967, P.L. 31, *as amended*, added by Section 5 of the Act of July 9, 1976, P.L. 993, *as amended*, 62 P.S. §432.12.

the recognition of expenses attributable to the earning of income." The test is one of reasonableness and the term "any expenses" must be interpreted to mean "all actual expenses" which are work-related.[3]

In the instant case it was established that petitioner's use of the car is essential for transportation to and from her place of employment because her working hours extend beyond the time when public buses stop running. The operating costs of the vehicle as transportation to and from work, therefore, are expenses "reasonably attributable to the earning of income." The question we face on appeal is whether the cost of automobile insurance is also such a work-related expense. We believe that it is.

In this Commonwealth, it is mandatory that every owner of an automobile in Pennsylvania carry the minimum amount of coverage specified in the Pennsylvania No-fault Motor Vehicle Insurance Act.[4] Petitioner clearly could not legally operate the car in this Commonwealth without such insurance. Because petitioner's use of the automobile is essential to retain employment[5] and because she must carry insurance on that automobile in order to drive to and from work, it must be concluded that the cost of automobile insurance is an expense reasonably attributable to the earning of income. The cost of that insurance must therefore be included as a component in the computation of a personal work expense deduction allowed to working AFDC recipients. To do so would comport fully with the intent of Congress when drafting §402(a)(7) of the Social Security Act. That

---

[3] 416 U.S. at 258.

[4] Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 *et seq.* The loan agreement with the financing institution requires petitioner to also carry insurance beyond the minimum required under the Act.

[5] See 416 U.S. at 254, Footnote 1.

legislative purpose as set forth in S. Rep. No. 1589, 87th Cong., 2d. Sess., 17-18 (1962), was examined by the Court in *Shea*,[6] *supra:*

> Under present law ... States are permitted, but not required, to take into consideration the expenses an individual has in earning any income (this practice is not uniform in the country and in a substantial number of States full consideration of such expenses is not given). The committee believes that it is only reasonable for the States to take these expenses *fully* into account. *Under existing law if these work expenses are not considered in determining need, they have the effect of providing a disincentive to working since that portion of the family budget spent for work expenses has the effect of reducing the amount available for food, clothing, and shelter.* The bill has, therefore, added a provision in all assistance titles requiring the States to give consideration to any expenses reasonably attributable to the earning of income. (Emphasis added.)

Mandatory car insurance carried on an automobile that is a necessary means of transportation to and from work is an expense reasonably attributable to the earning of income. The failure to take into consideration *any* and *all* such work-related expenses was an error on the part of the Department. Reversed.

### ORDER

AND Now, this 17th day of March, 1981, the Final Order of the Department of Public Welfare in the above matter, dated August 28, 1979, is reversed; and the Adjudication and Order of the Hearing Examiner is reinstated.

---

[6] 416 U.S. at 263.